**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AssuredPartners of California Insurance Services LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Mary Pahl, et al.,<br><br>    Defendants. | No. CV-25-00693-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 7), Plaintiff's Motion for Leave to Conduct Expedited Discovery and for a Scheduling Order on Motion for Preliminary Injunction ("Motion for Expedited Discovery") (Doc. 8) and Plaintiff's Motion for Leave to File Reply in Support of Motion for Scheduling Order ("Motion for Leave to File Reply") (Doc. 19). For the following reasons, the Court will grant the Motion for Expedited Discovery and the Motion for Leave to File Reply, and will deny without prejudice and with leave to refile the Motion for Preliminary Injunction.

**I.    Background**

On December 15, 2025, Plaintiff initiated this action by filing a Complaint (Doc. 1) and paying the associated fees. Plaintiff is a California limited liability company that provides "insurance products and services to businesses located in Arizona and throughout the nation." (Doc. 1 at 5.) Defendant Mary Pahl is a former employee of Plaintiff's who resigned from Plaintiff's employ on November 17, 2025, and who, according to Plaintiff's allegations, commenced employment with Liberty Company Insurance Brokers LLC

1  ("Liberty")—the other Defendant in this action—the same day. (*Id.* at 2.) Plaintiff states that Liberty "has employees and does business in Arizona" and is a competitor of Plaintiff. (*Id.* at 5.)

Plaintiff submits as Exhibit B to its Complaint a document entitled Restrictive Covenants Agreement ("the Agreement") signed by Ms. Pahl and a representative of Plaintiff on August 14, 2023. (Doc. 1-1.) The Agreement states that "Employee shall not take, copy, duplicate in any way, use, or disclose to any third party, any Confidential Information for any reason other than as intended within the scope of Employee's employment." (*Id.* at 5.) This restriction applies to "Confidential Information that is not a trade secret" for eighteen months after "Employee's employment with Company ends." (*Id.*) The term "Confidential Information" is defined as "all Trade Secrets and other information that is proprietary, private, and not generally known or accessible to members of the public or competitors of Company." (*Id.*)

The Agreement further states that for eighteen months after the conclusion of Employee's employment, "Employee shall not directly or indirectly . . . solicit, sell, provide, or renew any Insurance Products or Related Services to any Restricted Client . . . or service any Insurance Products or Related Services on behalf of any Restricted Client[.]" (*Id.* at 5-6.) The term "Restricted Client" is defined as "any client of Employer Group during the twelve months immediately preceding the date upon which Employee's employment with Company ends . . . as to which Employee received any . . . compensation; or for which Employee had material and ongoing involvement in soliciting, selling, providing, renewing or servicing any Insurance Products or Related Services; or about whom Employee received material Confidential Information[.]" (*Id.* at 6-7.)

In the Complaint, Plaintiff alleges that "mere hours before she sent her resignation letter" Ms. Pahl used the laptop she had been issued by Plaintiff to access Confidential Information regarding Restricted Clients, and with that information compiled "certificate holder lists" for some of these clients. (Doc. 1 at 11.) According to Plaintiff, these lists contained "information about the insured, their policies, their certificate holders, contact

information, and work product of [Plaintiff] not provided to others." (*Id.* at 12.) Plaintiff alleges that Ms. Pahl sent this information to the Restricted Clients despite the fact that the information had not been requested in an effort to "launder" it, intending to ask the clients to send the information back to her once she commenced work at Liberty. (*Id.*)

Plaintiff further alleges that many of the clients Ms. Pahl sent emails to before her resignation have now informed Plaintiff that they are taking their business to Liberty. (*Id.* at 13.) Plaintiff states that Ms. Pahl has accepted the business of these Restricted Clients "and is now servicing that business at Liberty, in plain violation of the express terms of her Agreement." (*Id.*) Plaintiff submits an image of an email it claims was misdirected to Ms. Pahl's former email address at Plaintiff's company, and which Plaintiff believes provides confirmation that "Defendant Pahl is personally servicing Restricted Client accounts." (*Id.*) The email identifies Ms. Pahl as an Account Manager at Liberty Company Insurance Brokers. (*Id.*) Plaintiff further states that Liberty has helped Ms. Pahl in the enterprise of "laundering" Confidential Information and proceeding to service the accounts of Restricted Clients.  (*Id.* at 10.) Plaintiff cites Liberty's "history of poaching business through misappropriation of competitors' trade secrets," and further cites evidence that "Liberty's attorney," Mr. Louis Shoch, signed Ms. Pahl's resignation letter. (*Id.* at 2, Doc. 1-1.)

Plaintiff sets forth in its Complaint seven counts arising from these allegations. (*See* Doc. 1.) Count I is a breach of contract claim against Ms. Pahl. (Doc. 1 at 14.) Count II is a tortious interference with contractual relations claim against Liberty. (*Id.* at 15.) Count III is an unjust enrichment claim against Ms. Pahl and Liberty. (*Id.*) Count IV is a claim for breach of the duty of loyalty against Ms. Pahl. (*Id.* at 16.) Count V is a claim for aiding and abetting a breach of the duty of loyalty against Liberty. (*Id.* at 17.) Count VI is a claim for trade secret misappropriation under the federal Defend Trade Secrets Act against Ms. Pahl and Liberty. (*Id.*) And finally, Count VII is a claim of trade secret misappropriation under the "Arizona Trade Secrets Act"[1] against Ms. Pahl and Liberty. (*Id.* at 19.)

On December 16, 2025—one day after filing its Complaint—Plaintiff filed a Motion

---

[1] The Court presumes Plaintiff is referring to the Arizona Uniform Trade Secret Act, A.R.S. § 44-401, *et seq.*

- 3 -

for Preliminary Injunction (Doc. 7) and the present Motion for Expedited Discovery (Doc. 8). In the Motion for Preliminary Injunction, Plaintiff requests that Defendants be restrained from possessing or using Plaintiff's Confidential Information; be required to provide forensic verification that they no longer possess Plaintiff's Confidential Information; and affirm the same under oath. (Doc. 7 at 6-7.) Plaintiff further requests that Ms. Pahl be restrained from providing insurance services to the clients deemed off-limits by the Restrictive Covenants Agreement. (*Id.*) On December 29, 2025, the Court issued an Order requiring Defendants to file a response to the Motion for Expedited Discovery on or before January 8, 2026, and ordering that no reply to the response to the Motion for Expedited Discovery would be filed absent further Order of the Court. (Doc. 14.) The Court further stated that it would defer resolution of the Motion for Preliminary Injunction until after resolution of the Motion for Expedited Discovery. (*Id.*) On January 8, 2026, Defendants timely filed their response to the Motion for Expedited Discovery. (Doc. 18.)

In the Motion for Expedited Discovery, Plaintiff argues that good cause for permitting expedited discovery exists here because Plaintiff has moved for a preliminary injunction, and Plaintiff's requested discovery will assist Plaintiff in establishing the validity of its claims and the proper scope of any injunctive relief. (Doc. 8 at 4.) Plaintiff further argues that there is "a significant risk of spoliation of evidence in the absence of expedited discovery" because this matter involves electronically stored information, and such information is more likely to be "altered or lost." (*Id.*) Plaintiff proposes that each party be permitted to serve up to five interrogatories and requests for production on the opposition; to serve non-party documentary subpoenas containing up to five requests for production; to conduct depositions of each party limited to three hours; and to conduct depositions of relevant non-parties limited to two hours. (*Id.* at 4-5.) Plaintiff submits five proposed interrogatories and five proposed requests for production. (Doc. 8-2.) Plaintiff proposes that the expedited discovery, briefing on the Motion for Preliminary Injunction, and a hearing on the Motion for Preliminary Injunction all be completed within forty-five to sixty days. (Doc. 8 at 6.)

In their response to Plaintiff's Motion for Expedited Discovery, Defendants argue that the Motion for Expedited Discovery violates Local Rule of Civil Procedure ("LRCiv") 7.2(j), which states that "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." Defendants further argue that Plaintiff should be required to identify with particularity the trade secrets it claims were misappropriated before any discovery may commence. (Doc. 18 at 21.) Defendants also state that Plaintiff has not identified a sufficient need for expedited discovery, and that in Defendants' view, Plaintiff's proposed schedule for discovery, briefing, and a hearing on the Motion for Preliminary Injunction is overly compressed and "unworkable." (*Id.* at 22-23.) Defendants' position is that, at most, the Court should order an expedited conference between the parties pursuant to Rule 26(d)(1).[2]

On January 14, 2026, Plaintiff filed a Motion for Leave to File Reply in support of the Motion for Expedited Discovery. (Doc. 19.) In the Motion for Leave to File Reply, Plaintiff argues that a reply is justified because Defendants have unfairly mischaracterized Plaintiff's efforts to comply with LRCiv 7.2(j),[3] and Defendants' response to the Motion for Expedited Discovery improperly advances arguments relevant instead to the Motion for Preliminary Injunction. (*Id.*) On January 15, 2026, Defendants filed a response to the Motion for Leave to File Reply, in which they explain that they have no objection to new legal argument presented in any proposed reply, but "do oppose any attempt by Plaintiff to submit new evidence" in its reply. (Doc. 20 at 2.) On January 16, 2026, Plaintiff filed a Notice, attached to which as Exhibit A is a copy of Plaintiff's proposed reply. (Doc. 21.) The proposed reply reiterates Plaintiff's position that expedited discovery is warranted, and

---

[2] Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."

[3] Because it is in the interests of justice to consider the Motion for Expedited Discovery on the merits, the Court will excuse any noncompliance with LRCiv 7.2(j) as it relates to the Motion for Expedited Discovery. Moreover, the purpose of LRCiv 7.2(j) appears to be to encourage cooperation between counsel in the context of discovery disputes arising after discovery has been formally initiated, as opposed to expedited discovery requests in cases where opposing counsel has not yet appeared at the time the request is filed. In the future, however, the parties must comply with LRCiv 7.2(j).

- 5 -

contains images of additional emails between counsel in an email chain first submitted to the Court as an exhibit to Defendants' response to the Motion for Expedited Discovery. (Doc. 21-1.)

**II.     Motion for Expedited Discovery**

In general, discovery may not commence until after the parties have conferred pursuant to Rule 26(f). *Burch v. HCA Healthcare, Inc.*, No. 2:25-CV-01408-JAD-MDC, 2025 WL 2772572 at *1 (D. Nev. Sept. 26, 2025). However, a district court may permit expedited discovery prior to the Rule 26(f) conference upon a showing of good cause. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (collecting cases). The good cause standard may be satisfied where a party seeks a preliminary injunction. *Id.* (internal citations omitted). Factors considered by district courts in determining the propriety of expedited discovery include: (1) whether a preliminary injunction is pending; (2) the purpose for requesting the expedited discovery; (3) how far in advance of the typical discovery process the request was made; (4) the breadth of the discovery requests; (5) the burden on the defendants to comply with the requests; and (6) whether the requests are narrowly tailored to achieve their stated purpose. *See id.*; *see also Perdomo v. Noem*, No. 2:25-CV-05605-MEMF-SP, 2025 WL 3053167 at *1 (C.D. Cal. Oct. 17, 2025).

Here, a motion for preliminary injunction is pending, and Plaintiff's stated purpose for requesting the expedited discovery is to support the motion for preliminary injunction, two factors which weigh heavily in favor of granting Plaintiff's request. Although Plaintiff's request was made significantly in advance of the typical discovery process, the breadth of the requests and the burden on Defendants to comply with them is not disproportionate in light of the value that the proposed discovery will have in establishing the propriety and scope of any injunctive relief. As such, the Court will grant Plaintiff's Motion for Expedited Discovery. In consideration of Defendant's arguments regarding the time required to respond to Plaintiff's proposed discovery requests, however, the Court will modify Plaintiff's proposed expedited discovery deadlines as set forth below. Pursuant to Rule 26(d)(1), the Court will allow the parties to execute expedited discovery prior to

conferring under Rule 26(f).

In Defendants' response to the Motion for Expedited Discovery, Defendants contend that Plaintiff should be required to identify with particularity the trade secrets it claims were misappropriated before any discovery may commence. (Doc. 18 at 21.) Since the Court presently authorizes only limited, expedited discovery of information relevant to Plaintiff's Motion for Preliminary Injunction, and because "[d]iscovery in a trade-secret case requires an 'iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification,'"[4] the Court will not at this time order Plaintiff to more specifically identify the trade secrets that are the subject of some of its claims.[5]

### III. Motion for Leave to File Reply

As discussed above, Plaintiff seeks leave to file a reply in support of the Motion for Expedited Discovery because, in Plaintiff's view, Defendants have not given a fair account of Plaintiff's efforts to comply with LRCiv 7.2(j), and Defendants have prematurely advanced arguments relevant to the Motion for Preliminary Injunction rather than the Motion for Expedited Discovery. (Doc. 19.) The Court will grant Plaintiff's Motion for Leave to File a Reply, and has read and considered the proposed reply submitted by Plaintiff (Doc. 21-1).

### IV. Motion for Preliminary Injunction

Since Plaintiff will likely need to supplement or reformulate its Motion for Preliminary Injunction as a result of information obtained through the expedited discovery process, the Court will deny Plaintiff's currently pending Motion for Preliminary Injunction (Doc. 7) without prejudice and with leave to refile.

Accordingly,

. . . .

---

[4] *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1088 (9th Cir. 2025).
[5] Plaintiff has alleged that the spreadsheets compiled by Ms. Pahl and sent to clients prior to her departure from Plaintiff's company, which it alleged contained "information about the insured, their policies, their certificate holders, contact information, and work product of [Plaintiff] not provided to others" constitute protectable trade secrets. (Doc. 1 at 12.)

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 7) is **denied without prejudice** and **with leave to refile** as set forth below.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Reply in Support of Motion for Scheduling Order (Doc. 19) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Conduct Expedited Discovery and for a Scheduling Order on Motion for Preliminary Injunction (Doc. 8) is **granted**. The following governs expedited discovery and briefing on Plaintiff's renewed Motion for Preliminary Injunction in the above-captioned matter:

1. Protective Order. The parties shall meet and confer to draft a stipulated protective order governing the disclosure of confidential information. Any such stipulated protective order is due on or before **January 30, 2026**.

2. Written Discovery Requests. Each party is authorized to serve up to **five (5)** interrogatories and **five (5)** requests for production on any other party. Each party is additionally authorized to serve non-party documentary subpoenas and/or subpoenas duces tecum containing up to **five (5)** requests for production. Written discovery requests shall be served on or before **February 2, 2026**. Responses to written discovery requests, as well as responsive documents, shall be due on or before **February 13, 2026**.

3. Discovery Disputes. In the event of a dispute over written discovery requests, the parties must engage in personal consultation regarding the dispute and must make a sincere effort to resolve the conflict expeditiously. *See* LRCiv 7.2(j). The deadline to file a motion regarding any dispute over written discovery requests is **February 20, 2026**, with any response due by **February 27, 2026**, and no reply permitted absent leave of Court.

4. Depositions. Depositions of parties and any relevant non-parties shall be completed on or before **February 27, 2026**. Depositions of parties are limited to **three (3)** hours on the record, and depositions of non-parties are limited to **two (2)** hours on the record. Taking the deposition of a witness during the

expedited discovery period shall not prevent a party from later deposing that witness in the course of ordinary discovery.

5. <u>Scope of Expedited Discovery.</u> All expedited discovery shall be limited to the issues relevant to Plaintiff's forthcoming Motion for Preliminary Injunction.

6. <u>Motion for Preliminary Injunction.</u> Plaintiff's renewed Motion for Preliminary Injunction shall be filed on or before **March 11, 2026**. Defendant's response shall be filed within **fourteen (14) days** of the date Plaintiff's renewed Motion for Preliminary Injunction is filed. Plaintiff's reply shall be filed within **seven (7) days** of the date Defendant's response is filed.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's renewed Motion for Preliminary Injunction is scheduled for **April 8, 2026, at 2:30 p.m.,** before the Honorable Rosemary Márquez, in Courtroom 5A of the United States District Court for the District of Arizona, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, AZ 85701.

Dated this 26th day of January, 2026.

_____
Honorable Rosemary Márquez
United States District Judge