**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

AssuredPartners of California Insurance Services LLC,

Plaintiff,

v.

Mary Pahl, et al.,

Defendants.

No. CV-25-00693-TUC-RM

**ORDER**

Pending before the Court is Plaintiff's Expedited Motion to Compel Defendants to Respond to written discovery requests. (Doc. 29.) On March 10, 2026, a hearing was held before the Court regarding the pending Motion,[1] and the Court took the Motion under advisement. For the following reasons, the Court will grant in part and deny in part the Motion.

**I.   Background**

Plaintiff initiated this action on December 15, 2025, alleging that Defendant Mary Pahl—Plaintiff's former employee—and Defendant Liberty Company Insurance Brokers LLC ("Liberty")—Ms. Pahl's new employer—acted in concert to breach a Restrictive Covenants Agreement entered into between Plaintiff and Ms. Pahl, and to misappropriate

---

[1] Also addressed at the March 10, 2026 hearing were Plaintiff's Motion to Compel Subpoena Responses from non-parties Raymond Clem and Jenna Farrell (Doc. 25), and Motion to Compel Subpoena Responses from several of Plaintiff's former clients (Doc. 30). Since a motion to compel compliance with a subpoena must be filed in the "district where compliance is required," Fed. R. Civ. P. 45(d)(2)(B)(i), and the relevant subpoenas do not identify the District of Arizona as the district where compliance is required, the Motion to Compel Subpoena Responses was held in abeyance, and the Motion to Compel Subpoena Responses from several of Plaintiff's former clients was withdrawn. (Doc. 42.)

Plaintiff's trade secrets. (*See* Doc. 1.) Plaintiff brings claims against Ms. Pahl and Liberty separately, as well as claims asserted against both. (*See* Doc. 1.) The claims asserted against Ms. Pahl alone include breach of contract and breach of the duty of loyalty. (*Id.* at 14, 16.) The claims asserted against Liberty alone include tortious interference with contractual relations, and aiding and abetting a breach of the duty of loyalty. (*Id.* at 15, 17.) The claims asserted against both Ms. Pahl and Liberty include unjust enrichment, trade secret misappropriation under the federal Defend Trade Secrets Act, and trade secret misappropriation under the Arizona Uniform Trade Secret Act. (*Id.* at 15, 17, 19.)

At the same time it initiated this action, Plaintiff filed a separate action in the Central District of California bringing similar allegations against Liberty and other former employees of Plaintiff, Jenna Farrell and Raymond Clem. (*See AssuredPartners v. Clem, et. al.*, C.D. Cal. 2:25-cv-11856-JAK-AGR). Jenna Farrell and Raymond Clem are described by Plaintiff as having been Ms. Pahl's "direct co-workers" during the time Ms. Pahl was employed by Plaintiff. (Doc. 25 at 2.) Plaintiff alleges that Ms. Pahl, Clem, and Farrell all departed in the same two-week period, taking similar measures to preserve information learned from Plaintiff's business and tightly coordinating their exit from Plaintiff's employ. (Doc. 1 at 2.)

Plaintiff sought a preliminary injunction in the above-captioned matter restraining Defendants from possessing information protected by the Restrictive Covenants Agreement or information that could be considered a trade secret, and restraining Ms. Pahl from providing insurance services to the clients deemed off-limits by the Restrictive Covenants Agreement. (Doc. 7.) Plaintiff further sought leave to conduct expedited discovery of information relevant to its Motion for Preliminary Injunction. (Doc. 8.) On January 26, 2026, this Court denied without prejudice Plaintiff's Motion for Preliminary Injunction, granted Plaintiff's Motion for Expedited Discovery, and set a schedule for both expedited discovery and briefing on a refiled Motion for Preliminary Injunction. (Doc. 22.)

The disputes described in the pending Motion to Compel arise from the expedited discovery the Court granted leave to conduct in the above-captioned case. (*See* Doc. 29.)

Plaintiff explains that it has submitted five requests for production and five interrogatories to each Defendant as authorized by the Court's January 26, 2026 Order. (Doc. 29 at 4.) During the hearing before the Court on March 10, 2026, the parties agreed that the only remaining disputes concern the proper scope of Interrogatory No. 5 to Liberty and Requests for Production Nos. 1-3 to Liberty. Plaintiff explains that it willingly narrowed its requests and interrogatories in response to Defendants' objections, and yet still could not obtain the cooperation of Defendants. (*Id.* at 5.)

## II.      Discussion

Plaintiff asserts that Defendants have improperly refused to respond to all or parts of the contested requests on the basis that they concern the actions of nonparties Clem and Farrell, and that those nonparties are irrelevant to this case. (Doc. 29 at 4.) Plaintiff further argues that Defendants have inappropriately cited the pending litigation in the Central District of California against Clem and Farrell as a basis upon which Defendants may refuse to produce materials relating to Clem and Farrell in this action. (*Id.* at 6-7.) Defendants respond that communications and documents relating to any employee other than Ms. Pahl are outside the scope of the claims in this case. (Doc. 31 at 7-9.) Defendants further explain that to the extent the Motion seeks to expand the scope of communications by Ms. Pahl encompassed within request No. 3, this dispute has been resolved by the parties. (*Id.* at 9.)

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering whether discovery is proportional to the needs of the case, the court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In the context of discovery, relevant information "has been construed broadly to

- 3 -

encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma*, 947 F.3d 535, 539 (9th Cir. 2020) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)). Discovery matters are committed to the discretion of the district court, and a district court "has wide latitude in controlling discovery." *Pizzuto v. Tewalt*, 136 F.4th 855, 867 (9th Cir. 2025) (citing *White v. City of San Diego*, 605 F.2d 455 (9th Cir. 1979)).

In this case, the only discovery presently authorized is that which is "limited to the issues relevant to Plaintiff's forthcoming Motion for Preliminary Injunction." (Doc. 22 at 9.) Typically, it is not the responsibility of a court to rewrite overbroad discovery requests. *Pandora Media, LLC v. Spoken Giants, LLC*, No. 2:23-MC-149-MCS-MAR, 2023 WL 9421132 at *5 (C.D. Cal. Dec. 6, 2023). However, a court may narrow or modify discovery requests where doing so appears to be in the interest of judicial economy. *See id.*

Plaintiff's narrowed version[2] of interrogatory No. 5 to Liberty reads as follows: "Identify only communications between Liberty and Farrell and/or Clem that relate to Pahl or the transition of Restricted Client accounts from AssuredPartners to Liberty." (Doc. 29 at 4.) Plaintiff's narrowed version of request for production No. 1 to Liberty reads "Produce all documents belonging to or originating from AssuredPartners that came into Liberty's possession from Pahl, Clem, or Farrell[.]" (*Id.* at 4-5.) Plaintiff's narrowed version of request for production No. 2 to Liberty reads "Produce all communications with Pahl, Clem, and Farrell from December 1, 2024, through their first date of their employment with Liberty." (*Id.* at 5.) Finally, Plaintiff's narrowed version of request for production No. 3 to Liberty reads "Produce all communications with any Restricted Client after May 1, 2025, (i) discussing, transmitting, or attaching a broker of record letter; (ii) soliciting or transitioning such Restricted Client's business from [Plaintiff] to Liberty; (iii) referencing this litigation, not all claims underlying it; or (iv) related to the execution of any declaration or affidavit for litigation." (*Id.*)

---

[2] Since Plaintiff's Motion to Compel Defendants to Respond to written discovery requests asks only that the Court order compliance with the narrowed versions of Plaintiff's written discovery requests, it is those narrowed versions, and not the originals, that the Court will address herein.

- 4 -

While Plaintiff alleges coordinated action between Ms. Pahl, Clem, Farrell, and Liberty, the liability of Clem and Farrell is not before this Court. Insofar as Plaintiff alleges that the actions of Liberty itself give rise to the company's liability, Plaintiff's allegations in its Complaint relate to what Liberty did in coordination with Ms. Pahl, not Clem and Farrell.[3] Therefore, although the actions of Clem and Farrell are relevant to the extent they share a factual nexus with the claims asserted here against Ms. Pahl, the actions of Clem and Farrell alone, lacking any connection to Ms. Pahl, do not bear on "any party's claim or defense," as required by Rule 26.

Bearing these observations in mind, the Court concludes that interrogatory No. 5 to Liberty is permissible with one adjustment; for clarity, the Court will amend this request to require "communications between Liberty and Farrell and/or Clem that *mention* Pahl or the transition of Restricted Client accounts . . . ." Though this interrogatory contemplates disclosure of communications to which Ms. Pahl was not a party, it is permissible with the foregoing amendment because communications in which Ms. Pahl was mentioned may shed light on her actions, and the term "Restricted Client" as used in Plaintiff's discovery requests has the meaning set forth in the Restricted Covenants Agreement between Plaintiff and Ms. Pahl specifically. (Doc. 29-1 at 5.)

Request for production No. 1 to Liberty, however, must be amended to encompass only documents belonging to or originating from Plaintiff that came into Liberty's possession from Pahl. As discussed above, Clem and Farrell are not parties to this action. Even if Clem, Farrell, and Pahl worked together as Plaintiff describes, the allegations in Plaintiff's Complaint giving rise to the claims in this matter are centered around the actions of Pahl and Liberty. (*See* Doc. 1.) Whether Clem or Farrell wrongfully handed documents over to Liberty is not an issue before this Court. Request for production No. 2 is overbroad

---

[3] The Court is mindful that there are two overlapping claims against Liberty asserted in this action and the action currently pending in the Central District of California. These include a violation of the federal Defend Trade Secrets Act, and aiding and abetting a breach of the duty of loyalty. (Doc. 1; *AssuredPartners v. Clem, et. al.*, C.D. Cal. 2:25-cv-11856-JAK-AGR, Doc. 1.) As discussed above, the allegations against Liberty in this case arise from its actions taken in coordination with Ms. Pahl, and the allegations against Liberty in the Central District of California case arise from its actions taken in coordination with Clem, Farrell, and other former employees of Plaintiff.

for the same reason, and the Court will therefore modify it to require "communications with Pahl, and *communications between Clem and/or Farrell that mention Pahl*, from December 1, 2024, through their first date of their employment with Liberty."

Finally, request for production No. 3 is acceptable in its current form because, as discussed above, Plaintiff states that the term "Restricted Client" has the meaning set forth in the Restricted Covenants Agreement between Plaintiff and Ms. Pahl. (Doc. 29-1 at 5.) Therefore, this request for production will uncover communications with clients that *Ms. Pahl* herself was under contractual obligation to limit contact with after departing Plaintiff's employ. Since Plaintiff asserts a claim for tortious interference with contractual relations claim against Liberty, Liberty's communications with such clients is clearly relevant.

### III.    Attorneys' Fees and Costs

If a motion for an order compelling discovery is granted in part and denied in part, "the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, the Court will exercise the discretion afforded to it under Fed. R. Civ. P. 37(a)(5)(C) and require the parties to bear their own fees and costs related to bringing the Motion to Compel Defendants to Respond, because both the Motion and Defendants' objections to it appear to be substantially justified and asserted in good faith.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Defendants to Respond to written discovery requests (Doc. 29) is **granted in part** and **denied in part** as follows.

a. Liberty must answer interrogatory No. 5 in the following amended form: Identify only communications between Liberty and Farrell and/or Clem that mention Pahl or the transition of Restricted Client accounts from AssuredPartners to Liberty.

b. Liberty must answer request for production No. 1 in the following amended form: Produce all documents belonging to or originating from AssuredPartners that came into Liberty's possession from Pahl.

- 6 -

    c. Liberty must answer request for production No. 2 in the following amended form: Produce all communications with Pahl, and communications between Clem and/or Farrell that mention Pahl, from December 1, 2024, through their first date of their employment with Liberty.

    d. Liberty must answer request for production No. 3 in the narrowed form proposed by Plaintiff: Produce all communications with any Restricted Client after May 1, 2025, (i) discussing, transmitting, or attaching a broker of record letter; (ii) soliciting or transitioning such Restricted Client's business from AssuredPartners to Liberty; (iii) referencing this litigation, not all claims underlying it; or (iv) related to the execution of any declaration or affidavit for litigation.

**IT IS FURTHER ORDERED** that Defendants shall produce the materials responsive to the requests set forth above by **March 18, 2026**.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs and fees.

Dated this 13th day of March, 2026.

 

_____
Honorable Rosemary Márquez
United States District Judge