**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

AssuredPartners of California Insurance Services LLC,

Plaintiff,

v.

Mary Pahl, et al.,

Defendants.

No. CV-25-00693-TUC-RM

**ORDER**

Pending before the Court is Plaintiff's Motion to Compel Reopening of Depositions and to Overrule Privilege Objection ("Motion to Compel") (Doc. 40), Plaintiff's Motion to File Exhibit 3 to Plaintiff's Motion to Compel Under Seal ("Motion to Seal") (Doc. 39), and the parties' Joint Motion to Continue Pretrial Scheduling Conference ("Joint Motion to Continue") (Doc. 43). For the following reasons, the Court will grant in part and deny in part the Motion to Compel, and deny the Motion to Seal. The Court will grant the Joint Motion to Continue.

## I.      Motion to Compel

In the Motion to Compel, Plaintiff explains that it took the deposition of Defendant Mary Pahl on February 27, 2026. (Doc. 40 at 2.) On March 3, 2026, Pahl produced "dozens of highly relevant" text messages. (*Id.*) Plaintiff further explains that during Defendant Pahl's deposition, Pahl asserted the attorney-client privilege and refused to answer questions regarding a conversation Pahl had a day prior to her resignation from Plaintiff's business with an attorney hired by Defendant Liberty to assist with Pahl's resignation, Lou

Shoch. (*Id.* at 6.) Plaintiff requests that the Court overrule Pahl's objection and require her to answer questions regarding her communications with Lou Shoch, and, in light of Pahl's production of text messages after the conclusion of her deposition, reopen Pahl's deposition in order to allow questioning regarding that newly produced material. (*Id.* at 2.)

Plaintiff further asserts that Liberty's designated corporate representative who was produced to testify pursuant to Rule 30(b)(6) was "woefully unprepared" for his deposition conducted on February 25, 2026. (*Id.* at 8.) Plaintiff argues that Liberty "made no meaningful effort" to prepare the witness, and that he was unable to answer many important questions regarding this case. (*Id.* at 15.) Plaintiff points to the witness's own admission that his preparation for his deposition relevant to the above-captioned matter consisted only of a "single conference with counsel lasting approximately an hour," that he "did not review the parties' document productions," and that he "did not bring any documents with him to assist in testifying." (*Id.*) Plaintiff requests that the Court compel the resumption of the deposition of Liberty's corporate representative in light of both Pahl's text messages produced March 3, 2026, and the witness's unpreparedness. (*Id.* at 8-9.)

In their Response, Defendants contend that the text messages produced by Pahl on March 3, 2026, do not constitute a basis upon which to reopen the deposition of either Pahl or Liberty's designated corporate representative. (Doc. 45 at 12.) Defendants explain that Plaintiff was clearly aware that the texts had not yet been produced at the time of the depositions, and yet still chose to proceed with questioning. (*Id.*) Defendants further state that early on in the course of Pahl's deposition, Defendants' counsel "reiterated Defendants' commitment to produce the texts" and clarified that there were some problems with Pahl's phone that delayed production. (*Id.* at 9.) Defendants also argue that Pahl properly invoked the attorney-client privilege regarding her communications with Lou Schoch because "Pahl expressly requested that Shoch provide legal services and assistance for her." (*Id.* at 15.) Finally, Defendants contest Plaintiff's characterization of the testimony by Liberty's designated corporate representative, arguing that several of the topics listed in Plaintiff's notice of deposition were overly broad, and that the witness was sufficiently

prepared to testify as to the "unobjectionable topics." (*Id.* at 17.)

### a. Resumption of Depositions, and Rules Applicable to Corporate Deponents

A party must obtain leave of court to conduct a second deposition if "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Whether to reopen a deposition is a matter committed to the discretion of the court. *Dike v. City of Los Angeles*, No. 2:24-CV-05394-KK-AJR, 2025 WL 3211449 at *3 (C.D. Cal. July 14, 2025). Renewed depositions are generally disfavored, but a court may reopen a deposition where there is a "showing of a need or good reason for doing so." *Novitzky v. Transunion LLC*, No. 2:23-CV-04229-SPG-MAR, 2025 WL 1723168 at *2 (C.D. Cal. May 12, 2025).

Good reason does not exist if "(i) the additional deposition is unreasonably cumulative or the information can be obtained from some other source that is less burdensome; (ii) the party had ample time to obtain the information through discovery; or (iii) the burden outweighs the likely benefit." *Bookhamer v. Sunbeam Prod. Inc.*, No. C 09-6027 EMC DMR, 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012) (citing Fed. R. Civ. P. 26(b)(2)(C)). Good cause to reopen a deposition may exist where there has been belated production of relevant materials, but the party seeking to reopen should demonstrate that additional questioning will serve a useful purpose. *See Pax Water Techs., Inc. v. Medora Corp.*, No. CV189143JAKAGRX, 2019 WL 12381114 at *2 (C.D. Cal. Oct. 15, 2019). "The mere fact that documents are produced after a deposition is by no means automatic grounds for a second deposition." *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 436 (D. Nev. 2023). "Moreover, courts are leery of permitting a second deposition when the first one was scheduled early in the discovery process, such that later discovery production was likely." *Id.*

The Federal Rules of Civil Procedure permit a party to notice the deposition of a corporation or other legal entity without specifically naming the individual to be deposed; instead, the noticing party may set forth with reasonable particularity the matters on which the examination is requested, thereby requiring the entity to designate one or more

individuals to testify on those topics. Fed. R. Civ. P. 30(b)(6). The designee must be prepared to testify about information known or reasonably known to the entity regarding the topics noticed. *Id.* "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." *Id.*

While it is true that Rule 30(b)(6) does not permit "burdening the responding party with production and preparation of a witness on every facet of the litigation," the corporation "must identify and prepare its witnesses so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *ReBath LLC v. HD Sols. LLC*, No. CV-19-04873-PHX-JJT, 2021 WL 2291377 at *1 (D. Ariz. June 4, 2021) (internal citations and quotation marks omitted). "In other words, the designee, with the corporation's assistance, must conduct a 'robust internal investigation' of the topics contained in the notice to prepare for the deposition." *QC Labs v. Green Leaf Lab, LLC*, No. 818-CV-01451JVSJDEX, 2019 WL 6797250 at *2 (C.D. Cal. July 19, 2019) (citing *Standard Fabrics Int'l, Inc. v. Dress Barn Inc.*, 2017 WL 240072, at *6 (C.D. Cal. Jan. 19, 2017)).

### 1. Pahl

Here, Plaintiff has not shown that good cause exists to reopen the deposition of Defendant Pahl. When Plaintiff conducted Pahl's deposition, Plaintiff was informed that production of Pahl's text messages was forthcoming, and yet still chose to proceed with Pahl's deposition. (Doc. 41-1 at 16.) The Court authorized expedited discovery in the above-captioned case pursuant to Plaintiff's request, and it makes little sense for Plaintiff to now complain of the results of a fast-paced schedule of its own choosing. Moreover, Plaintiff has not established that additional questioning regarding the relevant text messages would serve a useful purpose. Plaintiff does not explain what it could find out from Defendant Pahl that is not already clear from the text messages themselves. Furthermore, Plaintiff already questioned Pahl about the subject matter of the text messages in the course of the deposition conducted on February 27, 2026. (Doc. 40-1 at 16-19.) As

such, the Court will deny Plaintiff's request to reopen Defendant Pahl's deposition on this basis.

### 2. Corporate Representative

Here, Plaintiff has established good cause to reopen the deposition of Liberty's Rule 30(b)(6) corporate representative. During the course of his first deposition, the witness produced by Liberty admitted that his preparation consisted of a single conference with counsel lasting approximately one hour the day before the deposition, and that the conference may have even been "less than an hour." (Doc. 40-1 at 95.) He had not reviewed any of the documents produced by Defendants, and brought no documents with him to his deposition to assist him in testifying. (*Id.*) Even though Rule 30(b)(6) does not require a corporate deponent to be an expert in every facet of the case, this level of preparation does not suggest that Liberty's witness was ready to give complete, knowledgeable and binding answers on behalf of the corporation. Liberty argues that sufficient preparation was not possible given the breadth of the topics that Plaintiff identified in its notice of deposition, but the parties failed to confer about the matters for examination prior to the deposition, as required by Rule 30(b)(6). Therefore, the Court will grant Plaintiff's request to compel a second deposition of Liberty's designated corporate representative spanning one hour,[1] but will require the parties to meet and confer prior to the renewed deposition in order to come to an agreement on the scope of what is to be discussed.[2]

### b. Attorney-Client Privilege

A federal court must apply the law of the state in which it sits to determine the existence of an attorney-client relationship. *See Gesell v. City of Cottonwood*, No. CV-24-08090-PCT-DWL, 2024 WL 5008627 at *5 (D. Ariz. Dec. 6, 2024). "Under Arizona law,

---

[1] In order to accommodate the preparation of Liberty's corporate representative, time needed to meet and confer, and the deposition itself, the Court will extend the deadline for Plaintiff to file its renewed Motion for Preliminary Injunction to March 25, 2026, and require the deposition to be completed by March 23, 2026.

[2] Because the Court concludes that the unpreparedness of Liberty's designated corporate representative constitutes sufficient reason to reopen that deposition, the Court need not address Plaintiff's argument that the newly produced text messages alone also provide sufficient justification to reopen the deposition of Liberty's designated corporate representative. (*See* Doc. 40 at 8-9.)

'[a]n attorney-client relationship exists when a person has manifested to a lawyer his intent that the lawyer provide him with legal services and the lawyer has manifested consent to do so.'" *Id.* (citing *Simms v. Rayes*, 316 P.3d 1235, 1238 (Ariz. Ct. App. 2014)). "A purported client's 'belief that [the lawyer] was their attorney' is crucial to the existence of an attorney-client relationship, so long as that belief is 'objectively reasonable.'" *Paradigm Ins. Co. v. Langerman L. Offs., P.A.*, 24 P.3d 593, 596 (2001). No express agreement is required, and either "intent or acquiesce may establish the relationship." *Id.* (citing Comment C to Section 14 of the Restatement (Third) of the Law Governing Lawyers). Even a brief, one-time, unpaid consultation may give rise to an attorney-client relationship. *Foulke v. Knuck*, 784 P.2d 723, 726 (Ariz. Ct. App. 1989).

Here, Pahl's interaction with Lou Shoch was sufficient to create an attorney-client relationship. Pahl and Shoch spoke on November 16, 2025, one day before Pahl resigned from Plaintiff's employ. (Doc. 40-1 at 13.) During the course of her February 27, 2026 deposition, Pahl stated that during that conversation, she requested Shoch to conduct her resignation from Plaintiff's business on her behalf. (*Id.* at 14.) The following day, Shoch sent a letter to Plaintiff explaining that Pahl was resigning her position with Plaintiff effective immediately, and directing Plaintiff to contact Shoch with any communications other than "standard termination documents and all final compensation and expense reimbursement [Pahl] is owed[.]" (Doc. 46-1.) By requesting Shoch to send her resignation letter, Pahl manifested an intent for Shoch to provide her legal services, and Shoch clearly consented to doing so by sending Pahl's resignation letter and directing that further communications be sent to him. Therefore, the Court will deny Plaintiff's request to overrule Pahl's assertion of the attorney-client privilege regarding her communications with Lou Shoch and will not require Pahl to answer questions regarding her communications with him.

II.     **Motion to Seal**

In the Motion to Seal, Plaintiff requests permission to file Exhibit 3 to its Motion to Compel under seal. (Doc. 39.) It appears that Exhibit 3 would consist of some of the Pahl

text messages that were produced on March 3, 2026. (*Id.*; Doc. 40.) Plaintiff has not separately lodged a copy of the proposed Exhibit 3 with the Court. Plaintiff explains that it is its position that Exhibit 3 need not be sealed, but Defendants have refused to remove the confidential designation attached pursuant to the Court's February 5, 2026 Protective Order (Doc. 24), or consent to the public filing of the text messages. (Doc. 39.)

Whenever a party seeks to file a document under seal, "[t]he document or documents that are the subject of any such motion . . . must be lodged with the Court separately[.]" Local Rule of Civil Procedure ("LRCiv") 5.6(b). The Local Rules also describe the specific procedures a party must follow when seeking to file a document designated as confidential by another party pursuant to a protective order or confidentiality agreement. LRCiv 5.6(d). This includes lodging the document under seal, and filing and serving a "notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the document" should be filed under seal. *Id.* "Within fourteen (14) days after service of the notice, the designating party must file and serve either a notice withdrawing the confidentiality designation or a motion to seal and a supporting memorandum that sets forth the facts and legal authority justifying the filing of the document (or proposed filing) under seal." *Id.*

Here, Plaintiff's Motion to Seal does not comply with the applicable Local Rules because Plaintiff has not lodged a copy of the proposed Exhibit 3 with the Court and has not included a certification that the parties conferred in good faith regarding the proposed Exhibit 3. (Doc. 39.) The Motion to Seal will accordingly be denied.

### III.    Joint Motion to Continue

In the Joint Motion to Continue, the parties request that the Scheduling Conference currently set in the above-captioned matter for April 3, 2026, be rescheduled to May 1, 2026, and that the corresponding dates set for the parties to confer in accordance with Fed. R. Civ. P. 26(f) and to submit a Joint Report be accordingly reset. (Doc. 43.) The parties aver that the requested rescheduling is appropriate because they are currently in the midst

of expedited discovery and briefing on Plaintiff's forthcoming Motion for Preliminary Injunction. (*Id.*) The parties state that moving the date of the Scheduling Conference will allow the parties and the Court to focus time and resources on the aforementioned activities. (*Id.*) Good cause appearing, the Court will grant the Joint Motion to Continue.

### IV.    Costs and Attorneys' Fees

In its Motion to Compel, Plaintiff requests that it be awarded both its attorneys' fees and costs incurred in bringing the Motion, as well as all costs associated with resumed depositions. (Doc. 40 at 16-17.) Plaintiff asserts that Liberty's decision to produce an underprepared Rule 30(b)(6) corporate representative was a conscious, "tactical" decision. (*Id.*)

If a motion for an order compelling discovery is granted in part and denied in part, "the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Although Liberty's Rule 30(b)(6) corporate representative was underprepared, Plaintiff makes no more than conclusory allegations that this was a strategic decision to impede the representative's deposition or this litigation. Since Plaintiff's Motion to Compel will be granted in part and denied in part, the Court will exercise its discretion and require the parties to bear their own fees and costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Reopening of Depositions and to Overrule Privilege Objection (Doc. 40) is **granted in part** and **denied in part** as set forth above. Defendant Liberty is compelled to produce a prepared designee pursuant to Fed. R. Civ. P. 30(b)(6) for one hour of testimony, which may be conducted virtually. Before the deposition, the parties must meet and confer in good faith on the topics to be addressed. The deposition shall be completed by **March 23, 2026**. The parties shall bear their own fees and costs.

**IT IS FURTHER ORDERED** that Plaintiff's renewed Motion for Preliminary Injunction is due on or before **March 25, 2026**. The deadlines for Defendants to respond, and for Plaintiff to reply, remain unchanged.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Exhibit 3 to Plaintiff's Motion to Compel Under Seal (Doc. 39) is **denied**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Continue Pretrial Scheduling Conference (Doc. 43) is **granted**. The Pretrial Scheduling Conference currently set for April 3, 2026, at 10:30 a.m., is **vacated** and **reset** for **May 1, 2026, at 10:30 a.m.** The parties shall confer in accordance with Fed. R. Civ. P. 26(f) on or before **April 10, 2026**, and submit a Joint Report reflecting the results of their meeting on or before **April 24, 2026**. All other provisions of the Court's March 3, 2026 Order (Doc. 36) remain in full force and effect.

Dated this 17th day of March, 2026.

_____
Honorable Rosemary Márquez
United States District Judge