**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AssuredPartners of California Insurance Services LLC,<br><br>Plaintiff,<br><br>v.<br><br>Mary Pahl, et al.,<br><br>Defendants. | No. CV-25-00693-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Seal (Doc. 54) and Defendants' Motion to Strike Plaintiff's Motion for Preliminary Injunction (Doc. 55). For the following reasons, the Court will deny Plaintiff's Motion to Seal, and grant Defendants' Motion to Strike Plaintiff's Motion for Preliminary Injunction.

## I.      Motion to Seal

In Plaintiff's Motion to Seal, Plaintiff requests permission to file under seal Exhibit 2-7 and Exhibit 7 to its Motion for Preliminary Injunction. (Doc. 54.) Plaintiff has not separately lodged a copy of either of these Exhibits with the Court. Plaintiff explains that it does not believe that these exhibits need to be sealed, but that Defendants have designated them as Confidential pursuant to the Court's February 5, 2026 Protective Order (Doc. 24). It does not appear that Plaintiff has conferred with Defendants regarding whether Defendants would be willing to remove the Confidential designation. (*See* Doc. 54.)

The Court has already denied a Motion to Seal by Plaintiff for failure to comply with the Local Rules, and explained the procedures that a party must follow when filing a

Motion to Seal in this Court. (Doc. 48.) The Court also explained the procedures a party must follow when seeking to file a document designated as confidential by another party pursuant to a protective order or confidentiality agreement. (*Id.*) Plaintiff's currently pending Motion to Seal must again be denied for failure to comply with the applicable Local Rules.

Whenever a party seeks to file a document under seal, "[t]he document or documents that are the subject of any such motion . . . must be lodged with the Court separately[.]" Local Rule of Civil Procedure ("LRCiv") 5.6(b). When seeking to file a document designated as confidential by another party pursuant to a protective order or confidentiality agreement, a party must follow additional procedures, including lodging the document under seal, and filing and serving a "notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the document" should be filed under seal. LRCiv 5.6(d). "Within fourteen (14) days after service of the notice, the designating party must file and serve either a notice withdrawing the confidentiality designation or a motion to seal and a supporting memorandum that sets forth the facts and legal authority justifying the filing of the document (or proposed filing) under seal." *Id.*

Here, Plaintiff's Motion to Seal does not comply with the applicable Local Rules because Plaintiff has not lodged a copy of the proposed Exhibits with the Court and has not included a certification that the parties conferred in good faith regarding the proposed Exhibits. (Doc. 54.) The Motion to Seal will accordingly be denied.

## II.     Motion to Strike

In Defendants' Motion to Strike, Defendants assert that Plaintiff's Motion for Preliminary Injunction must be stricken for failure to comply with LRCiv 7.2(e), which provides that "a motion including its supporting memorandum . . . may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." (Doc. 55.) Plaintiff's Motion for Preliminary Injunction and its supporting memorandum total 32 pages. (Docs. 52, 53.) In its response to the Motion to Strike, Plaintiff asserts that there is

no violation of LRCiv 7.2(e) because the statement of facts portion of the Motion for Preliminary Injunction should not be counted, citing LRCiv 7.2(e)'s mandate that any "required statement of facts" be excluded from page totals. (Doc. 56.)

"Required statements of fact are reserved for motions such as motions for summary judgment." *Cambra v. Universal Weather & Aviation LLC*, No. CV-20-02234-PHX-DJH, 2021 WL 4319212 at *2 n.1 (D. Ariz. Sept. 22, 2021) (citing LRCiv 56.1(a)). "It is not the case that a party can evade the page limit on briefing by simply saying a statement of facts was necessary to its argument." *Id.* In this Court, there is no required statement of facts for a motion for preliminary injunction. Therefore, Plaintiff's argument that its statement of facts must not be counted in the page total is unavailing. While the Court would in certain circumstances be inclined to excuse a de minimis violation of the applicable page limits, here, Plaintiff's Motion for Preliminary Injunction is nearly double the length allowed. Since this cannot be deemed a minor violation of the Local Rules, the Court will grant Defendants' Motion to Strike. Plaintiffs may refile a Motion for Preliminary Injunction compliant with applicable page limits within two days of the date this Order is filed. If Plaintiffs are unable to shorten the Motion for Preliminary injunction sufficiently to comply with the standard page limit, Plaintiffs may file a motion seeking leave to exceed the page limit, but any such motion must establish good cause for exceeding the standard page limit.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Seal (Doc. 54) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Doc. 55) is **granted**. Plaintiff's Motion for Preliminary Injunction (Doc. 52) is **stricken**. Plaintiff may refile a compliant Motion for Preliminary Injunction, as set forth above, within **two (2) days** of the date this Order is filed.

Dated this 8th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge